UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL BISHOP,<br><br>          Plaintiff,<br><br>    v.<br><br>BROOKE L. ROLLINS, SECRETARY,<br>U.S. DEPARTMENT OF AGRICULTURE<br><br>          Defendant. | Civil Action No. 25-1625 (TNM) |

**MOTION TO DISMISS COMPLAINT AND**
**MEMORANDUM IN SUPPORT THEREOF**

**TABLE OF CONTENTS**

Table of Contents ................................................................................................................ i

Background ....................................................................................................................... 2

        A.     Plaintiff's Persistent Abuse of Judicial Resources ...................................... 2

        B.     Factual Allegations in the Operative Complaint ........................................ 3

Legal Standards ................................................................................................................ 4

Argument .......................................................................................................................... 5

    I.     Plaintiff Fails to Allege Facts Sufficient to Raise an Inference of Discrimination. 5

Conclusion ........................................................................................................................ 8

Defendant, the Department of Agriculture (the "Department"), by and through undersigned counsel, respectfully submits this memorandum in support of his motion to dismiss *pro se* Plaintiff Paul Bishop's Complaint (ECF No. 1) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim upon which relief can be granted.

Plaintiff is a serial, vexatious litigant who has made practice of repeatedly suing the Department, each time recycling the same meritless assertion that unlawful discrimination motivated his non-selection. This action is his fourth such lawsuit in as many years. *See Bishop v. Dep't of Agric.*, No. Civ. A. No. 19-1836 (TNM) (D.D.C) (granting defendant's motion for judgment on the pleadings); *Bishop v. Dep't of Agric.*, Civ. A. No. 22-0635 (TNM) (D.D.C), *aff'd*, No. 23-5008, 2023 WL 6323760 (D.C. Cir. Sept. 28, 2023) (summarily affirming dismissal); *Bishop v. Dep't of Agric.*, Civ. A. No. 23-2623 (TNM) (D.D.C.) ("*Bishop I*").

In *Bishop I*, Plaintiff alleged that his non-selection for a Pest Survey Specialist position was based on his race, color, and sex, in violation of Title VII of the Civil Rights Act of 1964. *See Bishop I*, Am. Compl. ¶ 1, ECF No. 11. There, Plaintiff alleged that the Department's decision to hire Emily Hagan, a white female, for the Pest Survey Specialist position constituted discrimination because the Department allegedly treated Ms. Hagan "more favorably" by determining that Plaintiff did "not meet the minimum education and/or experience" for the position. *Id.* ¶ 15. Defendant moved to dismiss that action for failure to state a claim (*see Bishop I*, Def.'s Mot. Dismiss, ECF No. 15), which the Court granted on May 23, 2024 (*see id.*, Mem. Op. & Order, ECF Nos. 26, 27). In doing so, the Court stated the Plaintiff's allegations of discrimination lack support "[b]eyond legal conclusions and bare-bone comparator allegations[.]" *Id.*, Mem. Op. at 6.

Undeterred by this Court's prior ruling, Plaintiff now repackages that same meritless allegation in the above-captioned case seeking a different result in front of this Court. Once again, Plaintiff alleges the Department's decision to hire Emily Hagan, a white female, for the Pest Survey Specialist position constituted discrimination in violation of Title VII because she has "less education" and "less experience" than the Plaintiff. *See generally* Compl. Plaintiff alleges that he was both "eligible and qualified" for the position, relying on an April 4, 2025, email he contends was written by a department employee. Compl., Ex. 3. Even viewed in the light most favorable to Plaintiff, his allegations fail to meet the pleading standards required under Rule 12(b)(6). Plaintiff must allege facts sufficient to state a plausible claim for relief. He has not done that.

## BACKGROUND

### A.      Plaintiff's Persistent Abuse of Judicial Resources

As indicated, Plaintiff is a serial, vexatious litigant who has made practice of repeatedly suing the Department, each time recycling the same meritless assertion that unlawful discrimination motivated his non-selection. This action is his fourth such lawsuit in as many years. *See Bishop v. Dep't of Agric.*, No. Civ. A. No. 19-1836 (TNM) (D.D.C) (granting defendant's motion for judgment on the pleadings); *Bishop v. Dep't of Agric.*, Civ. A. No. 22-0635 (TNM) (D.D.C), *aff'd*, No. 23-5008, 2023 WL 6323760 (D.C. Cir. Sept. 28, 2023) (summarily affirming dismissal); *Bishop v. Dep't of Agric.*, Civ. A. No. 23-2623 (TNM) (D.D.C.) ("*Bishop I*"). And that is not to mention similar, meritless suits Plaintiff has filed in other jurisdictions. *See Bishop v. Dep't of Homeland Sec.*, 2015 U.S. Dist. Lexis 59181 (D.N.J. May 6, 2015) (stating Plaintiff "has filed four civil actions regarding his termination, *all of which appear to have lacked merit* and have been dismissed, including the present lawsuit.") (emphasis added); *see also Bishop v. Dep't of*

*Agric.*, 725 F. App'x. 165 (3rd Cir. 2018) ("Bishop's appeal lacks arguable merit, and we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).").

**B.      Factual Allegations in the Operative Complaint**

For the purposes of this motion only, Defendant accepts as true the allegations set forth in Plaintiff's Complaint.

Plaintiff, an African American male, applied in September 2020 for a federal position with the United States Department of Agriculture ("USDA") as a Pest Survey Specialist under Vacancy Announcement No. DH10916327-20-PQ.  Compl. at 1.  According to the Complaint, Plaintiff holds a Bachelor of Science degree in Entomology and a Master of Science degree in Plant Biology from Rutgers University and had several years of prior professional experience with the Department of Homeland Security.  *Id*. at 1-2.

Plaintiff was selected for an interview and interviewed for the Pest Survey Specialist position on or about November 4, 2020.  *Id*. at 4.  Following the interview process, the USDA selected another applicant, Emily Hagen, to fill the position.  *Id*. at 6.  Plaintiff alleges that Ms. Hagen holds a bachelor's degree in environmental science from Arizona State University and asserts that she was less qualified than he was, claiming that she had less education and less experience.  *Id*.  Plaintiff was not selected for the position and alleges that his non-selection was based on his race and sex.  *Id*. at 1.

Plaintiff further alleges that, more than four years after the selection decision, he received an email from a USDA employee dated April 7, 2025, stating that Plaintiff was eligible and qualified for the position, but that the selecting official simply chose one of the other candidates. *Id*.

**LEGAL STANDARDS**

A 12(b)(6) motion "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. When evaluating the plausibility of a claim, a court need not ignore an "obvious alternative explanation," *see Twombly*, 550 U.S. at 567, for the alleged injury: "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678.

A complaint containing only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" cannot survive a motion to dismiss. *Id*. Further, the presumption of truth accorded factual allegations at this stage does not apply to legal conclusions in a complaint, including those "couched" as factual allegations. *Id*. (quoting *Twombly*, 550 U.S. at 555). Thus, a court may disregard "inferences drawn by a plaintiff if such inferences are unsupported by the facts set out in the complaint" and "legal conclusions couched as factual allegations." *Nurriddin v. Bolden*, 818 F.3d 751, 756 (D.C. Cir. 2016) (cleaned up) (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994), and citing *Iqbal*, 556 U.S. at 678). Ultimately, the focus is on the language in the complaint and whether it sets forth sufficient factual allegations to support a plaintiff's claims for relief.

*Iqbal* "expound[s] the pleading standard for all civil actions," including employment discrimination suits alleging disparate treatment and retaliation. 556 U.S. at 684; *see also Pueschel v. Chao*, 955 F.3d 163, 167 (D.C. Cir. 2020) (affirming dismissal of retaliation claim for failure to

plead causation; holding that a Title VII retaliation claim requires pleading facts that "support a reasonable inference of causality" under *Iqbal*); *Harris v. D.C. Water & Sewer Auth.*, 791 F.3d 65, 70 (D.C. Cir. 2015) (requiring Title VII plaintiff to allege "facts that, taken as true, render his claim of retaliation [or discrimination] plausible"); *Cook v. Billington*, 737 F.3d 767, 772 (D.C. Cir. 2013) (a plaintiff must plausibly allege all elements of a Title VII retaliation claim when relying on circumstantial rather than direct evidence).

**ARGUMENT**

**I.      <u>Plaintiff Fails to Allege Facts Sufficient to Raise an Inference of Discrimination.</u>**

Plaintiff's discrimination claim is fundamentally deficient, as it rests on conclusory assertions rather than well-pleaded factual allegations.  While "the burden of showing a *prima facie* case at the pleading stage is not onerous," *Easaw v. Newport*, 253 F. Supp. 3d 22, 26 (D.D.C. 2017) (internal quotation marks omitted), a plaintiff must state a "plausible" claim to relief, *Twombly*, 550 U.S. at 570, and allege sufficient facts to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Brown v. Sessoms*, 774 F.3d 1016, 1023 (D.C. Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678)).

Here, has failed to allege any facts that plausibly suggest—let alone establish—the USDA discriminated against him.  The Complaint is devoid of any factual allegations plausibly connecting his protected classifications to the alleged discrimination and instead rests wholly on speculation and innuendo.  *See generally*, Compl.  Plaintiff does not allege that any USDA official made comments regarding race or sex, applied different selection criteria to him, or otherwise engaged in conduct suggesting discriminatory animus during the hiring process.  Instead, Plaintiff alleges that his non-selection itself supports an inference of discrimination based on his race and sex.  The pleading standard, however, requires more than allegations that an applicant in a protected class did not get selected for a position.  *See Brown v. Sessoms*, 774 F.3d 1016, 1023

(D.C. Cir. 2014); *see also Jones v. Air Line Pilots Ass'n, Int'l*, 642 F.3d 1100 (D.C. Cir. 2011) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)).

Plaintiff further alleges that, more than four years after the challenged selection decision, he received an email from a USDA employee dated April 7, 2025, stating that Plaintiff was eligible and qualified for the position, but that the selecting official ultimately chose another candidate. Compl. at 1.[1]  Even accepting this allegation as true and affording Plaintiff every reasonable inference, the email does not plausibly support an inference of unlawful discrimination.

At most, the purported email confirms what is already undisputed: Plaintiff met the minimum qualifications for the position but was not selected. That fact, standing alone, is insufficient to state a claim for discrimination under Title VII.  The Complaint does not allege that the email referenced Plaintiff's race, sex, or any other protected characteristic, nor does it identify any discriminatory animus, bias, or irregularity in the selection process. It likewise does not suggest that the selecting official relied on unlawful considerations or departed from established hiring procedures in a manner that could give rise to an inference of discrimination.

Absent factual allegations connecting the non-selection to a protected characteristic, Plaintiff's reliance on a post hoc acknowledgment of his purported qualifications amounts to nothing more than speculation. Such conclusory assertions, unsupported by factual content suggesting discriminatory intent, are insufficient to nudge Plaintiff's claims from conceivable to

---

[1]     We further note that, in a prior iteration of this case, Plaintiff was found ineligible for the Pest Survey Specialist position. *See Bishop I*, Mem. Op. & Order (ECF Nos. 26, 27) at 2. The record also reflects that Plaintiff "was not rated as high as other applicants for the vacancy and . . . a more qualified applicant was selected." *Id*. These prior findings directly undermine Plaintiff's current contentions.  Having previously been deemed ineligible and, in any event, less qualified than the selected candidate, Plaintiff cannot now plausibly rely on a belated assertion of eligibility to suggest discrimination. Rather than supporting an inference of unlawful bias, the earlier determinations confirm that the selection decision was based on legitimate, nondiscriminatory assessments of the applicants' relative qualifications.

plausible.  At bottom, Plaintiff's lawsuit reflects nothing more than dissatisfaction with the hiring decision. Title VII, however, does not provide a vehicle for courts to second-guess routine employment decisions absent plausible allegations of unlawful discrimination.  Accordingly, the alleged April 7, 2025 email does not cure the Complaint's fundamental deficiency: the absence of any factual allegations plausibly linking Plaintiff's non-selection to unlawful discrimination.

*    *    *

## CONCLUSION

For these reasons, Plaintiff's Complaint fails at the threshold because it fails to state a claim upon which relief can be granted.  These defects are fundamental.  Accordingly, dismissal of the Complaint in its entirety is warranted.  The Court should grant this motion and dismiss this suit.


Dated: December 16, 2025

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By: */s/ Saifuddin K. Kalolwala*
    SAIFUDDIN K. KALOLWALA
    Assistant United States Attorney
    601 D Street, NW
    Washington, D.C. 20530
    (202) 252-2550
    Saifuddin.Kalolwala@usdoj.gov

*Attorneys for the United States of America*

- 8 -

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAUL BISHOP,

         Plaintiff,

    v.

BROOKE L. ROLLINS, SECRETARY,
U.S. DEPARTMENT OF AGRICULTURE

        Defendant.

Civil Action No. 25-1625 (TNM)

## **[PROPOSED] ORDER**

UPON CONSIDERATION of Defendant's Motion to Dismiss Complaint, and the entire record herein, it is hereby

ORDERED that Defendant's motion is GRANTED, and it is further

ORDERED that action is DISMISSED.

SO ORDERED:

_____
Date

_____
TREVOR N. MCFADDEN
United States District Judge