**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **PAUL BISHOP,** | |
| Plaintiff, | |
| v. | Case No. 25-cv-01625 (TNM) |
| **BROOKE ROLLINS** *Secretary of Agriculture*, | |
| Defendant. | |

**MEMORANDUM ORDER**

For the fourth time, Paul Bishop sues the Secretary of Agriculture under Title VII of the Civil Rights Act of 1964. *See* Compl. at 1, ECF No. 1. He maintains that the Department of Agriculture passed him over for a position because of his race and sex. The Secretary moves to dismiss, arguing that the same defects that doomed Bishop's prior complaints exist here. Mot. to Dismiss at 1, ECF No. 15. The Court denies that motion. At this early stage, Bishop has done enough to plausibly allege that his race or sex played a role in his nonselection.

**I.**

Paul Bishop is a black man of African, Native American, and European descent. Compl. at 6. He holds a Bachelor's degree in Entomology and a Master's degree in Plant Biology. *Id.* He has spent "over two decades" working with plant imports and exports. *Id*.

In 2020, Bishop applied for a pest survey specialist job with the Department of Agriculture. *See id.* at 4. He interviewed for the position a few months later. *Id.* The Department ultimately selected Emily Hagen, a white woman, for the job. *Id.* at 5. Bishop believes Hagen had inferior qualifications. *Id*. at 6. According to Bishop, Hagen "only has a Bachelor's degree in Environmental Science" and "less than ten years of work experience" in the

field. *Id*.

Since 2020, Bishop has launched lawsuit after lawsuit alleging that the Department discriminated against him. The Court dismissed three prior lawsuits at the pleading stage. *See Bishop v. Vilsack*, 2024 WL 2383201, at *1 (D.D.C. May 23, 2024) ("*Bishop I*") (collecting cases), *aff'd sub nom Bishop v. Rollins*, No. 24-5162 (D.C. Cir. Feb. 28, 2025) (per curiam). The dismissals turned in part on Bishop's candid allegation that he "lacked the necessary credentials and qualifications" for the position. *Bishop I*, 2024 WL 2383201, at *3.

This time, Bishop changes his tune. He alleges that he was not only qualified for the position, but more qualified than Hagen. *See* Compl. at 6. Central to that tale is a recent email Bishop received from the Department. *See* Pl.'s Ex. 3 at 2 (April 4, 2025, email Re: Job Qualifications Inquiry), ECF No. 1-2. That email states that Bishop was "found eligible and qualified and [was] forwarded on the certificate as one of selectable candidates." *Id*. To the extent he "desire[d] to appeal" his "rejection," the author clarified, "[y]ou were not rejected by the USDA." *Id*. "You were eligible and qualified," the email states, "[a]s far as HR is concerned you could have been selected, but weren't." *Id*.

Armed with the Department's confirmation that he was "eligible and qualified" for the position, Bishop filed this Title VII lawsuit claiming race and sex discrimination. *See* Compl. at 1. The Secretary moves to dismiss under Rule 12(b)(6). *See* Mot. to Dismiss, ECF No. 15. Also before the Court are two miscellaneous motions from Bishop. *See* Mot. for Invocation, ECF No. 28; Mot. to Compel, ECF No. 29. All three motions are ripe.[1]

---

[1] The Court has subject matter jurisdiction because this suit arises under Title VII. *See* 28 U.S.C. § 1331.

**II.**

Start with the motion to dismiss.  The Court denies that motion because Bishop plausibly alleges that his nonselection violated Title VII.

**A.**

Some background rules inform the Court's review.  To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual allegations that "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is plausible when it contains factual allegations that, if true, would "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

In evaluating a Rule 12(b)(6) motion, the Court construes the Complaint in the light most favorable to the non-moving party and accepts as true all reasonable inferences drawn from well-pled factual allegations.  *See Yellen v. U.S. Bank, Nat'l Assoc.*, 301 F. Supp. 3d 43, 46 (D.D.C. 2018).  Yet the Court does not "accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint," *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

Because Bishop is suing pro se, the Court liberally construes his submissions.  *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam).  In so doing, the Court considers Bishop's Complaint together with his other submissions.  *See Naz v. Wright*, 177 F.4th 1242, 1246 (D.C. Cir. 2026).

3

**B.**

Applying those standards here, Bishop's Complaint clears Rule 12(b)(6)'s low bar.  He alleges violations of Title VII, which prevents employers from discriminating "based on race, color, [or] sex."  42 U.S.C. § 2000e-16(a).  Because he relies on circumstantial evidence of discrimination, the *McDonnell-Douglas* burden-shifting framework applies.  *See generally McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  Under that framework, Bishop must make out a prima facie case of discrimination by showing "that (1) [he] is a member of a protected class; (2) [he] suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination."  *Chappell-Johnson v. Powell*, 440 F.3d 484, 488 (D.C. Cir. 2006) (cleaned up).  If he does so, the burden then shifts to the Secretary to "articulate a "legitimate, non-discriminatory reason for its action."  *Easaw v. Newport*, 253 F. Supp. 3d 22, 26 (D.D.C. 2017) (cleaned up).

But this framework is an evidentiary standard, not a pleading requirement.  At this stage, Bishop need not "plead every fact necessary to establish a prima facie case."  *Jones v. Air Line Pilots Ass'n, Int'l*, 642 F.3d 1100, 1104 (D.C. Cir. 2011).  He need only allege facts that, if true, would make the discrimination claims plausible.  *See, e.g.*, *Harris v. D.C. Water & Sewer Auth.*, 791 F.3d 65, 70 (D.C. Cir. 2015).

Bishop narrowly does so.  He alleges that he is a black and Native American man who suffered adverse action—nonselection for the position.  Compl. at 6.  And he alleges that the Department passed him over in favor of a less qualified, white female candidate.  *Id.*  Bishop's allegations also flesh the relevant qualification disparity between himself and Hagen.  *Compare, e.g., id.* (describing Bishop's Master's degree and relevant work experience), *with id.* (alleging that Hagen lacks a Master's degree and has less experience).  Comparable allegations frequently

survive dismissal.  *See, e.g.*, *Omwenga v. United Nations Found.*, 244 F. Supp. 3d 214, 222 (D.D.C. 2017); *Dickerson v. District of Columbia*, 315 F. Supp. 3d 446, 454 (D.D.C. 2018); *cf. Brown v. Sessoms*, 774 F.3d 1016, 1022 (D.C. Cir. 2014) (finding that a plaintiff alleging a 42 U.S.C. § 1981 violation made out a plausible "inference of discrimination" by alleging that "she was treated differently from similarly situated employees who are not part of the protected class" (cleaned up)).[2]

To be sure, Bishop's claims face a few problems.  For example, his evidence that he was qualified for the position raises questions.  *See* Pl.'s Ex. 3 at 2.  After all, he previously alleged he was *not* qualified for the position.  *See* Opp'n at 8 n.1, ECF No. 15.  More, the Court will need to afford due regard to the Department's evaluation of Bishop's and Hagen's qualifications.  *See, e.g.*, *Jackson v. Gonzalez*, 496 F.3d 703, 709 (D.C. Cir. 2007) (Kavanaugh, J.).  And if the record shows that both Bishop and Hagen were equally qualified for the position, the Court will not reexamine the selection between them as a "super-personnel department." *Fischbach v. D.C. Dep't of Corr.*, 86 F.3d 1180, 1183 (D.C. Cir. 1996) (cleaned up).  Finally, his qualification comparisons may not ultimately suffice.  *Cf. Aka v. Wash. Hosp. Ctr.*, 156 F.3d 1284, 1294 (D.C. Cir. 1998) (recognizing that a plaintiff relying on comparator evidence alone to establish discrimination must typically show that he was "significantly better qualified for the job" to survive summary judgment).

But these are issues for another day.  For now, Bishop has done just enough.  Rule 12(b)(6) only requires Bishop to "raise a reasonable expectation that discovery will reveal evidence" of his claim.  *Joyner v. Morrison & Foerster LLP*, 140 F.4th 523, 530 (D.C. Cir.

---

[2]  The Secretary confusingly cites *Brown* as affirming dismissal of a discrimination case when it actually reversed dismissal of the relevant count.  *See* Reply at 2, ECF No. 25.

2025) (cleaned up).  Drawing "all reasonable inferences" in Bishop's favor, the Court concludes that Bishop has carried his burden.  *Williams v. Lew*, 819 F.3d 466, 472 (D.C. Cir. 2016) (cleaned up).

### III.

Before wrapping up the Court denies Bishop's pending motions.  First up is Bishop's motion purporting to "invoke Federal Rule of Civil Procedure 56(c)(2) and 56(c)(1)(B)" against the Secretary.  Mot. for Invocation at 1.  The motion is untimely.  Bishop must await summary judgment to test the Secretary's evidence.  So the Court denies his motion.

Second, Bishop moves "to compel" the Court to "enforce" 5 U.S.C. § 3304(a)(3).  Mot. to Compel at 1.  That provision defines "examination" for the purpose of federal competitive service rules.  5 U.S.C. § 3304(a)(3).  So Bishop seems to be asking the Court to compel the Secretary to allow him to take an employment exam.  The Court cannot grant this relief.  "Title VII provides the exclusive judicial remedy for claims of discrimination in federal employment." *Ramey v. Bowsher*, 915 F.2d 731, 734 (D.C. Cir. 1990) (per curiam) (cleaned up).  And Bishop has not yet prevailed on his Title VII claims.  He has simply survived Rule 12(b)(6)'s initial hurdle.

### IV.

In short, the Secretary raises significant concerns about Bishop's claims.  The Court questions whether he will survive summary judgment.  But for now, he has done enough to survive the 12(b)(6) motion.  Bishop's own motions, meanwhile, also require denial.  It remains to be seen whether he is entitled to the relief he seeks.

For all these reasons, it is hereby

**ORDERED** that Defendant's [15] Motion to Dismiss is DENIED; it is further

**ORDERED** that Plaintiff's [28] Motion is DENIED; it is further

**ORDERED** that Plaintiff's [29] Motion to Compel is DENIED.


Dated: July 9, 2026

        TREVOR N. McFADDEN, U.S.D.J.